## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ASAZU LIMITED LIABILITY COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-cv-1285** |
| | § | |
| **COLLECTANDCREATE LLC,** | § | |
| *Defendant.* | § | |

### COMPLAINT FOR UNFAIR COMPETITION
### AND TRADEMARK INFRINGEMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff ASAZU LIMITED LIABILITY COMPANY ("Asazu") for its Complaint against

Defendant COLLECTANDCREATE LLC ("Defendant"), would respectfully show the Court as

follows:

### INTRODUCTION

1.      Asazu is the owner of the trademark KOMÉ for, *inter alia*, restaurant services and

has for more than ten years operated a successful restaurant in Austin, Texas under the name and

service mark KOMÉ. This restaurant serves Japanese cuisine including sushi. The photograph

below shows the external appearance of Asazu's restaurant.



2.      Recently, Defendant has opened a restaurant in Dallas, Texas, also using the name and mark KOMÉ, and also serving Japanese cuisine including sushi. The photograph below shows the external appearance of Defendant's restaurant.



3.      Inevitably, this has resulted in confusion and mistake among members of the public as to whether the two restaurants are operated by the same entity, or whether there is an association or affiliation between them.

4.      Asazu is the owner of the following federal trademark registration:

| **Mark** | **Registration No.** | **Goods/Services** |
|---|---|---|
| KOMÉ | 5721684 | Bar services; catering services; restaurant services featuring Japanese cuisine including sushi |

5.      Asazu has used the trademark KOMÉ continuously since June 15, 2011. As a result of this long and continuous use, the mark KOMÉ is well known to patrons of restaurants and bars as indicating a singular source of restaurant and bar services.

6.      On information and belief, Defendant operates a bar/restaurant providing Japanese cuisine including sushi in Dallas, Texas using the trade name and trademark KOMÉ located at 8041 Walnut Hill Lane, Suite 820, Dallas TX 75231.

7.      Asazu's U.S. registration identified in ¶ 2 above constitutes constructive notice of its exclusive ownership of the trademark throughout the U.S.  15 U.S.C. § 1072. A copy of the Certificate of Registration is attached hereto as Exhibit A and is *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of Asazu's ownership of the mark and its right to exclusive use of the mark for the services specified in the Registration. 15 U.S.C. § 1057(b).

8.      Defendant's use of KOMÉ started long after Asazu had started use of the trademark KOMÉ and had established the KOMÉ brand for bars and restaurants serving Japanese food including sushi and after its registration of the trademark KOMÉ on the principal register of the U.S. Patent and Trademark Office.

9.      Defendant's use of KOMÉ is likely to cause confusion because it is using the same trademark, for the same services, sold to the same segment of the public and it has already caused actual confusion among the relevant public.

### THE PARTIES

10.     Plaintiff Asazu is a limited liability company organized under the laws of the State of Texas.

11.     Defendant is, on information and belief, a limited liability company organized under the laws of the State of Texas. Defendant may be served care of its registered agent, Tae In An at 2420 Damsel Katie Drive, Lewisville TX 75056. Tae In An is also the Director of the Defendant.

## JURISDICTION AND VENUE

12.      The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331

and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et.*

*seq.*  Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because

they assert claims of unfair competition and are joined with substantial and related claims under

the Federal Trademark laws.

13.      Defendant is subject to jurisdiction of this Court because it is a Texas Limited

Liability Company and is doing business in Texas. Venue is proper in this Court under 28 U.S.C.

§1391(b).

**COUNT I**
**INFRINGEMENT OF**
**TRADEMARK REGISTRATIONS**
**15 U.S.C. § 1114**

14.      Defendant is using in commerce, without the consent of Asazu, a reproduction,

counterfeit or colorable imitation of Asazu's Registered Trademark identified in ¶ 2 above in

connection with the sale, offering for sale, distribution, and advertising of restaurant and bar

services on, or in connection with which, such use is likely to cause confusion, or to cause

mistake, or to deceive.

15.      Defendant's infringement of Asazu's KOMÉ mark is causing irreparable harm to

Asazu, which will continue unless Defendant is enjoined by this Court.

**COUNT II**
**UNFAIR COMPETITION BY USE OF**
**FALSE AND MISLEADING REPRESENTATION**
**15 U.S.C. § 1125(a)(1)(A)**

16.      The word mark KOMÉ is distinctive when used in connection with restaurant and

bar services as a result of Asazu's continuous and extensive use of the KOMÉ trademark for

more than 10 years. As a result, the trademark has come to denote Asazu's services exclusively.

Defendant's use of the trademark and trade name KOMÉ in signs, advertising and promotion for its restaurant constitutes use in connection with Defendant's goods and services of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Asazu, or as to the origin, sponsorship, or approval of Defendant's services by Asazu.

### COUNT III
### TRADEMARK
### <u>INFRINGEMENT UNDER TEXAS COMMON LAW</u>

17.     As a result of its long and exclusive use of the mark KOMÉ in Texas, Asazu has obtained common law rights in that trademark under the laws of the State of Texas. These rights were obtained long before Defendant started to use the mark KOMÉ for its restaurant in Dallas.

18.     Defendant's use of KOMÉ is likely to cause confusion, or to cause mistake, or to deceive, the public as to the source of origin of Defendant's services, or as to the affiliation or association of Defendant or Defendant's restaurant with Asazu.

19.     Defendant's use of the name and mark KOMÉ for a Japanese restaurant in Dallas constitutes infringement of Asazu's common law trademark rights in the mark KOMÉ under the common law of the State of Texas.

### <u>PRAYER</u>

Asazu respectfully requests:

(1)     that this Court preliminary and permanently enjoin Defendant, its employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendant:

(a)     from using the name and mark KOMÉ, or any other name or mark including KOMÉ that is confusingly similar to KOMÉ, or any copy or colorable imitation of any of the KOMÉ mark, in connection with the sale, advertising or promotion of any foods or food services;

(b)     from using in commerce the name and mark KOMÉ, or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Asazu, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Asazu.

(2)     that in any injunction the Court direct Defendant to file with this Court and serve on Plaintiff, within thirty (30) days after the service on Defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

(3)     that the Defendant be ordered to deliver up for destruction any and all labels, signs, prints, packages, wrappers, receptacles, menus, and advertising in the Defendant's possession bearing the words KOMÉ;

(4)     that Asazu recovers its attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

(5)     that Asazu recovers such further and other relief, legal or equitable, that this Court finds just.

DATED: June 7, 2023

Respectfully submitted,

/s/ John M. Cone
John M. Cone
State Bar No. 04660100
*jcone@fbfk.law*
Tory A. Cronin
State Bar No. 24055362
*tcronin@fbfk.law*

FERGUSON BRASWELL FRASER KUBASTA PC
2500 Dallas Pkwy, Ste 600
Plano, Texas 75093
Main: (972) 378-9111
Facsimile: (972) 378-9115

ATTORNEYS FOR PLAINTIFF
ASAZU LIMITED LIABILITY COMPANY